# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 3714 | **DATE** | January 26, 2012 |
| **CASE TITLE** | *Adellar Laye v. Dollar Tree Stores* | | |

**DOCKET ENTRY TEXT**

Defendant Dollar Tree Stores' motion for summary judgment [51-1] is denied.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

## STATEMENT

Pro se plaintiff Adellar Laye sued defendant Dollar Tree Stores for a fall she contends she took in one of its Deals stores. According to Laye, while shopping for groceries, she fell on a slippery substance. She contends that the fall was the result of Dollar Tree's negligence, and that she suffered contusions and injuries to her left knee, arm, and hip. She seeks damages in the amount of $89,000.00, including medical expenses of $57,340.47, as well as income she lost while unable to work.

Dollar Tree has filed a motion for summary judgment under Federal Rule of Civil Procedure 56. It seeks judgment on the basis that Laye has no evidence to support her claim.

## BACKGROUND

Although courts construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless comply with federal and local procedural rules. *See Greer v. Board of Ed. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001). Laye received notice of the applicable rules when Dollar Tree served her with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required under Local Rule 56.2. *See* Docket Entry #53. The notice explains the applicability and requirements of Federal Rule of Civil Procedure 56(e) and Local Rule 56.1, and warns of the consequences of failing to comply with those requirements. The notice specifically notes the importance of identifying for the court the evidence upon which the plaintiff intends to rely to support her claim.

In an order dated October 18, 2011, the court found that, because of Laye's *pro se* status, it would not, in its discretion, require strict compliance with Local Rule 56.1 and would take into account her statements of additional facts, even though they were not separately stated but, rather, were interwoven with her responses to Dollar Tree's statements of fact. The court then granted Dollar Tree leave to file its responses to Laye's statements of additional facts, which it had not previously done. The following facts are thus drawn from the

parties' statements of facts, responses to the opposing party's statements of fact, as the evidence presented in support of the statements of fact.

On May 22, 2008, Laye shopped at the Deals store on West 14th Place in Chicago Heights, Illinois. She headed to the freezer aisle to pick up garlic bread, but lost her footing on something slippery on the floor. As she got up from the floor, she noticed a slippery type of substance resembling dishwashing liquid on her pants. She contends that although she had not seen the substance on the floor before she fell, after standing back up she noticed a substance oozing from a box sitting just a foot away on what appeared to be a workcart.[1] Laye does not know how long the substance was on the floor prior to her fall.

Later, Laye took the following picture of a Dollar Tree workcart resembling the one she contends that she saw after her fall:



Dollar Tree argues that it is entitled to summary judgment because Laye has no evidence that it had either actual or constructive notice of the substance on the floor and, therefore, cannot establish premises liability under Illinois law.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, a court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *See Valenti*, 970 F.2d at 365; *see also Anderson*, 477 U.S. at 248.

Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute about a genuine issue of material fact exists. *See Anderson*, 477 U.S. at 248. The nonmoving party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

## ANALYSIS

The court will apply Illinois law because that is where all of the alleged conduct occurred. *See Mitkal v. United Parcel Service Co.*, No. 09 CV 3355, 2011 WL 148405, *4 (N.D. Ill. Jan. 18, 2011) (when injury and conduct causing injury occurred in the same state, that state's law will usually be applied). Under Illinois law, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them. *See Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057-58 (Ill. 2006). The business is liable to an invitee injured by slipping on a foreign substance on its premises if the substance was left by an employee or, if its origin is unknown, the defendant had actual or constructive notice of the dangerous condition that caused the fall. *See Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, 953 N.E.2d 427, 431 (Ill. App. Ct. 2011).

Dollar Tree contends that because Laye presented no deposition testimony or other evidence that she or anyone else saw the substance before she slipped on it or any evidence of how long it was there, she cannot meet her burden of establishing actual or constructive notice. However, under Illinois law, "where the foreign substance is on the premises due to the negligence of the proprietor or his servants, it is not necessary to establish their knowledge, actual or constructive." *Donoho v. O'Connell's, Inc.* 148 N.E.2d 434, 437 (Ill. 1958). Thus, "if an employee of the defendant creates a hidden danger (maybe, as claimed in *Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358 (7th Cir. 1998), a store's employee rather than another customer knocked the bottle off the shelf and failed to notice the spillage or report it or clean it up) . . . the employee is negligent and his negligence is imputed to his employer." *Torrez v. TGI Friday's, Inc.,* 509 F.3d 808, 810 (7th Cir. 2007).

Laye has identified evidence to support her assertion that a store employee, rather than a customer, was responsible for the spill on which she slipped. Specifically, she testified at her deposition that after her fall, she noticed a slippery substance on her pants, and noticed a substance oozing onto the floor from a box on a workcart. She further testified that the workcart was near where she fell on the substance on the floor. Laye has thus satisfied her burden of identifying evidence that a Dollar Tree employee was responsible for the spill on which she slipped, and therefore she survives Dollar Tree's motion for summary judgment. *See Howard v. Wal-Mart Stores, Inc.* 160 F.3d 358, 359 (7th Cir. 1998) (evidence that plaintiff slipped on substance in the morning when employees stock shelves, that she found soap all over her clothes when she got up, and that no damaged container was found at the scene was sufficient to allow jury to conclude that an employee caused the spill and that Wal-Mart was thereby liable).

Laye has identified evidence to support her assertion that she slipped on a substance spilled by an employee. Therefore, under Illinois law she need not establish Dollar Tree's actual or constructive knowledge of the spill. *See Donoho*, 148 N.E.2d at 437. Accordingly, Dollar Tree's argument that Laye has failed to satisfy her burden of establishing actual or constructive knowledge of the spill is unavailing, and its motion for summary judgment is denied.

1. In her statements of additional fact, Laye contends that store manager Jamie Harris stated that the cart had been sitting in the aisle for over one hour while he tried to stock shelves. However, Laye does not cite any evidence to support this statement of fact, nor is it supported by her deposition testimony. Accordingly, the court shall not take into account this or other such unsupported assertions. *See Berry v. Chicago Transit Authority*, 618 F.3d 688, 692-93 (7th Cir. 2010) (assertions unsupported by admissible evidence are insufficient to defeat a motion for summary judgment).